IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00747-GPG-KAS

RCI HOSPITALITY HOLDINGS, INC.,
BIG SKY HOSPITALITY HOLDINGS, INC.,
EVANS DINING SERVICES, INC., dba PT'S SHOWCLUB,
GALENA DINING SERVICES, INC., dba PT'S SHOWCLUB CENTERFOLD,
GLANARM DINING SERVICES, INC., dba DIAMOND CABARET,
STOUT DINING SERVICES, INC., dba RICK'S CABARET, and
KEVIN DUERBUSCH,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DENVER AUDITOR'S OFFICE,
DENVER AUDITOR TIMOTHY O'BRIEN,
DENVER LABOR,
DENVER LABOR EXECUTIVE DIRECTOR MATTHEW FRITZ-MAUER,
in his individual and official capacities, and
DENVER LABOR HEARING OFFICER ELLEN KELMAN,

    Defendants.

**DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS AND TO VACATE SCHEDULING CONFERENCE PENDING IMMUNITY DETERMINATIONS**

Defendants the City and County of Denver, Colorado, Denver Auditor's Office, Denver Auditor Timothy O'Brien, Denver Labor, Denver Labor Executive Director Matthew Fritz-Mauer in his individual and official capacities ("Denver Defendants"), and Denver Labor Hearing Officer Ellen Kelman ("Defendant Kelman"), by and through their respective counsel, and pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006

U.S.Dist.LEXIS 97388 at *2 (D. Colo. Mar. 30, 2006) respectfully submit this Joint Motion to Stay All Proceedings and to Vacate Scheduling Conference Pending Immunity Determinations (the "Motion to Stay"), and as grounds therefore state as follows:

## INTRODUCTION

Contemporaneously with the filing of this Motion to Stay, Denver Defendants have filed a Motion to Dismiss Plaintiffs' First Amended Complaint arguing, *inter alia*, the individual Defendant, Matthew Fritz-Mauer is entitled to qualified and absolute immunity from the Plaintiffs' 42 U.S.C. § 1983 claim against him.[1] Defendant Kelman has contemporaneously filed a Motion to Dismiss Plaintiffs' First Amended Complaint raising absolute immunity from the Plaintiffs' 42 U.S.C. § 1983 claim.

Defendants ask this Court to vacate the June 11, 2025, Scheduling Conference and all attendant requirements and stay all discovery in this matter until this Court makes the threshold legal determinations with respect to absolute and qualified immunity for Defendants Fritz-Mauer and Kelman. First, both absolute and qualified immunity must be decided by this Court before any discovery may be allowed. Standard judicial practice is to stay discovery following a dispositive motion asserting absolute or qualified immunity. And no basis exists for this Court not to follow suit here. Defendants

---

[1] Plaintiffs' First Claim for Relief brought under § 1983 is asserted against all Defendants. [ECF # 32 at p. 68.] However, Plaintiffs' Second Claim for Relief brought under Section 1983 is asserted against only the City, the Auditor, and the Auditor's Office. [*Id.* at p. 73.] If the Court ultimately finds that Defendant Fritz-Mauer is entitled to immunity as to Plaintiffs' First Claim for Relief (Fourteenth Amendment Due Process), Defendant Fritz-Mauer cannot, then, be a proper party under Plaintiffs' Third Claim for a declaratory judgment, because he is not an "interested party" under 28 U.S.C. § 2201.

2

have raised absolute and qualified immunity at the earliest possible time in this litigation. No discovery is needed or appropriate for Plaintiffs to respond to the legal arguments raised in the Defendants' Motions to Dismiss. Further, no discovery respecting Plaintiffs' claims against Denver is appropriate either. The United States Supreme Court has made clear that, when an individual defendant raises an immunity defense, **all** discovery should be stayed, not simply discovery against the individual defendant. Alternatively, application of this Court's multifactorial analysis governing a discretionary decision to stay proceedings under this Court's broad authority to control its own docket also supports a stay. The individual Defendants' right to be free from discovery and other proceedings pending this Court's ruling on their entitlement to absolute or qualified immunity overcomes any other competing consideration.

## ARGUMENT

**I.  The individual Defendants' absolute and qualified immunity must be decided by the Court before any scheduling conference may occur or any discovery may be allowed.**

Initially, an individual defendant entitled to absolute immunity defeats a plaintiff's lawsuit at the outset. *Imbler v. Pachtman,* 424 U.S. 409, 419 n.13 (1976); *Spielman v. Hildebrand,* 873 F.2d 1377, 1381 (10th Cir. 1989); *Horowitz v. State Bd. of Medical Examiners,* 822 F.2d 1508, 1512 (10th Cir.), *cert. denied,* 484 U.S. 964 (1987). Absolute immunity decisions should be resolved prior to the initiation of any discovery to protect officials entitled to the defense from unwarranted intrusions with their official duties and the burdens of litigation to resolve insubstantial or frivolous lawsuits. *Valdez v. City & County of Denver,* 878 F.2d 1285, 1287-90 & n.5 (10th Cir. 1989). The

3

protections of absolute immunity are necessarily lost if a defendant asserting such an affirmative defense is required to engage in discovery and other pretrial activities prior to the determination of the merits of the defense. As a result, a district court's denial of a dispositive motion raising the affirmative defense of absolute immunity is immediately appealable on an interlocutory basis under the collateral order doctrine. *Nixon v. Fitzgerald,* 457 U.S. 731, 731-43 (1982); *Anthony v. Baker,* 955 F.2d 1395, 1396 (10th Cir. 1992).

      Moreover, the doctrine of qualified immunity was created to permit the resolution of many claims against government officials before "'subject[ing] government officials to either the costs of trial or the burdens of broad-reaching discovery' in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982) (alteration in original)). "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties, and from potentially disabling threats of liability.' " *Elder v. Holloway,* 510 U.S. 510, 513 (1994) (quoting *Harlow,* 457 U.S. at 806). Qualified immunity is not only a mere defense to liability; it is an immunity to suit. *Mitchell,* 472 U.S. at 526-27. Qualified immunity is both an entitlement not to stand trial and from the burdens of pretrial discovery. *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992); *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 645 (10th Cir. 1988). "[W]hen a case can be dismissed on the pleadings or in an early pre-trial stage, qualified immunity also provides officials with the valuable protection from 'the burdens

4

of broad-ranging discovery.' " *Johnson v. Fankell,* 520 U.S. 911, 915 n. 2 (1997) (quoting *Harlow,* 457 U.S. at 818)). As *Harlow* noted**,** "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow,* 457 U.S. at 818; see also *Siegert v. Gilley,* 500 U.S. 226, 232 (1991).

As a result of the underlying purposes of the absolute and qualified immunity doctrines, the Supreme Court has repeatedly stressed the "importance of resolving immunity questions at the earliest possible stage in the litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam) (collecting cases). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz,* 533 U.S. 194, 197 (2001). Indeed, the Supreme Court has consistently stressed qualified immunity is designed "to permit the resolution of many insubstantial claims on summary judgment." *Mitchell,* 472 U.S. at 526. Ultimately, "'[t]he Court is obligated to 'exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings.' " *Doe v. Woodard,* 15-cv-01165-KLM, 2015 WL 5444301, at *2 (D. Colo. Sept. 16, 2015) (quoting *Crawford-El v. Britton,* 523 U.S. 574, 597-98 (1998) (alteration in original)).

In *Siegert*, the Supreme Court explained the importance of early resolution of immunity issues:

> In *Harlow* we said that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow,* supra, at 818, 102 S.Ct., at 2738 (emphasis added). A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is "clearly established"

5

> at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.

*Siegert,* 500 U.S. at 233; *see also Crawford-EL*, 523 U.S. at 598 ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Workman*, 958 F.2d at 336 (same, citing *Siegert*).

Ultimately, the important policies behind absolute and qualified immunity will be subverted here if any discovery or other pretrial proceedings are held before the Defendants' Motions to Dismiss raising these important threshold immunity issues have been determined by this Court. Standard judicial practice is to halt all further proceedings until the legal determination of a defendant's absolute or qualified immunity is made by the Court in the first instance. No basis exists for this Court not to similarly stay these proceedings while the Defendants' immunities are determined here. Plaintiffs chose to sue various Defendants who have recognized immunities under federal law. There is no basis to allow Plaintiffs to engage in discovery or other pretrial proceedings until the important threshold immunity issues are resolved by this Court, and if necessary and appropriate, by the appellate courts pursuant to an interlocutory appeal. Accordingly, in the interest of judicial economy and the avoidance of waste of resources for all parties concerned, and to further the policies underlying absolute and qualified immunity, this Court must stay all further proceedings herein pending this Court's

disposition of the Defendants' Motions to Dismiss filed contemporaneously herewith.

## II.   No discovery respecting Plaintiffs' claims against the other Defendants is appropriate prior to the determination of absolute and qualified immunity.

Defendants anticipate Plaintiffs will argue discovery should continue on their claims against all other Defendants because the immunity defenses are inapplicable to such claims. However, "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative." *Lincoln v. Maketa,* 15-cv-00423-CMS-KMT, 2015 WL 3413271 at *3 (D. Colo. May 28, 2015); *Gale v. Jacob,* 15-cv-00347-WJM-KMT, 2015 WL 3862686 at *2 (D. Colo. June 22, 2015); *Ingram v. Clements,* 14-cv-01024-REB-KMT, 2015 WL 1598052 at *3 (D. Colo. Apr. 8, 2015). The Supreme Court has specifically addressed this precise issue:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal,* 556 U.S. at 685; *see Estate of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 U.S.Dist.LEXIS 215693, at *12-15 (D. Colo. Dec. 12, 2019) (Mix, M.J.) ("[T]he Court reads *Iqbal* to direct a strong presumption in favor of a stay as to discovery from entity defendants when an individual defendant has asserted qualified immunity.");

Under *Iqbal,* a complete stay of discovery of claims and defendants both subject to and not subject to an immunity defense is appropriate and is regularly ordered. *See, e.g., Martinez v. Carson,* 697 F.3d 1252, 1256-57 (10th Cir. 2012) (describing propriety

7

of a complete stay of discovery when some defendants raise qualified immunity on summary judgment pursuant to *Iqbal*); *Chapman v. Fed. Bureau of Prisons,* 15-cv-0279-WYD-KLM, 2015 WL 4574863 at *2-4 (D. Colo. July 30, 2015) (entering complete stay of discovery despite immunity defenses only applying to some defendants and some claims); *Drive Sunshine Inst. v. High Performance Transp. Enter.,* 14-cv-00844-REB-KMT, 2014 WL 5816900 at *3 (D. Colo. Nov. 10, 2014) ("Additionally, discovery should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense."); *A.A. v. Martinez,* 12-cv-00732-WYD-KMT, 2012 WL 5974170 at *2 (D. Colo. Oct. 9, 2012) ("While the above statements are dicta, they very clearly indicate that the Supreme Court believes discovery should be stayed as a whole even when only one defendant is asserting qualified immunity."); *Geschwentner v. City of Englewood,* 11-cv-02089-WJM-MJW, 2011 U.S. Dist. LEXIS 133128 at *2-4 (D. Colo. Nov. 17, 2011) (staying all discovery and vacating scheduling conference based on some but not all defendants filing a motion to dismiss on Eleventh Amendment sovereign immunity grounds); *Eggert v. Chaffee County,* 10-cv-01320-CMA-KMT, 2010 WL 3359613 at *4 (D. Colo. Aug. 25, 2010) ("The court finds that a stay of all proceedings is appropriate in this case to protect the defendants who have asserted immunity defenses from the burdens of litigation.").

### III. A stay of discovery represents an appropriate exercise of this Court's discretion.

Fundamentally, this Court possesses broad discretion to stay proceedings as part of its authority to control its own docket. *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); Fed. R. Civ. P. 26(c). "A court may

decide that in a particular case it would be wise to stay discovery on the merits until challenges have been resolved." Wright, Miller & Marcus, Fed. Prac. & Proced., § 2040 (3d ed. 2010). "A stay may be appropriate if resolution of a preliminary motion may dispose of the entire action. When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Morgan v. Clements,* 12-cv-00936-REB-KMT, 2013 WL 950876 at *2 (D. Colo. Mar. 12, 2013) (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999)).

This Court's discretion is guided by five factors: (1) prejudice to the plaintiff caused by the delay; (2) the burden on the defendant to proceed with discovery; (3) convenience of the Court; (4) the interests of nonparties in staying the action; and (5) the public interest in staying the action or proceeding with discovery. *String Cheese Incident,* 2006 WL 894995, at *2. Application of the five *String Cheese Incident* factors here demonstrates the propriety of staying all discovery until this Court determines the individual Defendants' absolute or qualified immunity.

First, Defendants concede Plaintiffs have an interest in holding a Scheduling Conference and proceeding with discovery in this matter. However, Plaintiffs' interest in proceeding with discovery does not and cannot outweigh the individual Defendants' entitlement to have their absolute and qualified immunity determined by this Court and to avoid the burdens of litigation until that determination is made. *See, e.g., Sexton v. Hickenlooper,* 13-cv-01008-MSK-KMT, 2013 WL 5477605 at *2 (D. Colo. Oct. 1, 2013) ("In any event, the court finds that any prejudice a stay might have on Plaintiff's interest in proceeding expeditiously with this case is outweighed by the burden Defendants

9

would face if they were forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised."); *Lincoln,* 15-cv-00423-CMA-KMT, 2015 WL 3413271 at *3 (same).

Second, the burden on the individual Defendants of requiring them to participate in discovery while their immunity awaits a determination by this Court is substantial. Indeed, the very purpose of immunity is to protect an individual government official or employee from the burdens of litigation, including discovery, until absolute or qualified immunity has been determined. *Mitchell,* 472 U.S. at 526; *Harlow,* 457 U.S. at 817-18; *Elder,* 510 U.S. at 513. Similarly, the burden on all other Defendants in allowing discovery pending the immunity determinations is also substantial. It would represent a profound waste of Denver's resources to allow discovery to proceed under these circumstances. *See, e.g., Booker v. City & Cnty. of Denver,* 11-cv-00645-RBJ-KMT, 2012 WL 2360905 at *3 (D. Colo. June 20, 2012) ("In fact, the court notes that neither its nor the parties' time is well-served by being involved in a 'struggle over the substance of suit' when, as here, a fully dispositive motion as to the Medical Defendants is pending."). Given Denver taxpayers are paying for at least some of the defense of this litigation, the waste of Denver's resources is a particularly noteworthy consideration.

Third, the convenience of this Court favors a stay of all discovery until the Defendants' Motions have been ruled upon. Courts regularly conclude judicial economy and efficiency is supported by entering a stay of discovery when a dispositive motion is pending. *See, e.g., Booker,* 2012 WL 2360905 at *3 ("Moreover, the court finds that allowing discovery to continue in this matter against Denver Health would not serve the

10

interests of judicial economy and efficiency."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' ") (citations omitted); *Taylor v. Colo. Dep't of Health Care Policy & Fin.,* 12-cv-00300-PAB-KMT, 2012 U.S. Dist. LEXIS 66083 at *10 (D. Colo. May 11, 2012) ("The third factor also weighs in favor of a stay. Again, the court finds that it is obligated to at least partially stay discovery pursuant to Defendants' assertion of Eleventh Amendment immunity. Proceeding with discovery as to Plaintiffs' remaining claims for injunctive and declaratory relief against Defendant Birch would promote a piecemeal disposition of this case. Moreover, the court finds that if discovery was indeed permitted as to Plaintiffs' remaining claims, it would undoubtedly be faced with irresolvable discovery disputes over whether Plaintiffs' future discovery requests violate the partial stay or are instead permissibly targeted at the unstayed claims. Such an approach would be unenviable and would waste scarce judicial resources." (citation omitted)).

Fourth, Defendants are aware of no nonparties with significant particularized interests in this case. Thus, the fourth *String Cheese Incident* factor does not warrant denying the requested stay.

Fifth, the public's interest in this case is for its efficient and just resolution. It is in the public's best interest to avoid judicial waste and to avoid unnecessary waste and expenses by the parties and particularly the taxpayers of the City and County of Denver.

11

Therefore, the fifth *String Cheese Incident* factor also weighs in favor of a stay.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, prior to filing the instant Motion, counsel for Denver Defendants, Senior Assistant City Attorney Jonathan Saadeh, conferred with counsel for Plaintiffs, Leah P. VanLandschoot. Ms. VanLandschoot indicated the Plaintiffs oppose this Motion.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendants the City and County of Denver, Colorado, Denver Auditor's Office, Denver Auditor Timothy O'Brien, Denver Labor, Denver Labor Executive Director Matthew Fritz-Mauer in his individual and official capacities, and Denver Labor Hearing Officer Ellen Kelman respectfully request this Court enter an Order staying all proceedings in this matter, vacating the Scheduling Conference set for June 11, 2025, and all attendant requirements including the preparation of a proposed Scheduling Order and Fed. R. Civ. P. 26(a)(1) initial disclosures, precluding all discovery in this matter pending this Court's determination of the issues of the individual Defendants' absolute or qualified immunity and all of the other dispositive arguments raised in the Defendants' Motions to Dismiss filed with this Court, and granting all other and further relief this Court deems just and appropriate.

//
//
//
//

Dated and respectfully submitted this 12th day of May, 2025.

        By: *s/Jonathan D. Saadeh*
           Michele A. Horn
           Jonathan D. Saadeh
           Emily L. Anderson
           Assistant City Attorneys
           City and County of Denver
           201 West Colfax Avenue, Dept. 1207
           Denver, CO 80202-5332
           michele.horn@denvergov.org
           jonathan.saadeh@denvergov.org
           emily.anderson@denvergov.org
           *Attorneys for Defendants the City and County of Denver, Colorado, Denver Auditor's Office, Denver Auditor Timothy O'Brien, Denver Labor, and Denver Labor Executive Director Matthew Fritz-Mauer*

        By: *s/ Matthew J. Hegarty*
           Matthew J. Hegarty
           Andrew D. Ringel
           Hall & Evans, L.L.C.
           1001 17th Street, Suite 300
           Denver, Colorado 80202
           hegartym@hallevans.com
           ringela@hallevans.com
           *Attorney for Defendant Ellen Kelman*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 12th day of May, 2025, I electronically filed the foregoing **DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS AND TO VACATE SCHEDULING CONFERENCE PENDING IMMUNITY DETERMINATIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Leah P. VanLandschoot
Ruth A. McLeod
THE LITIGATION BOUTIQUE, LLC
78 West 11th Avenue
Denver, Colorado 80204
T: 303.355.1942
lvanlandschoot@thelitbot.com
rmcleod@thelitbot.com
*Attorneys for Plaintiffs*

Matthew J. Hegarty
Andrew D. Ringel
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
T: 303.628.3300
hegartym@hallevans.com
ringela@hallevans.com
*Attorney for Defendant Ellen Kelman*

                                *s/Shannon Egan*
                                Denver City Attorney's Office