IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00747-GPG-KAS

RCI HOSPITALITY HOLDINGS, INC.,
BIG SKY HOSPITALITY HOLDINGS, INC.,
EVANS DINING SERVICES, INC., doing business as PT's Showclub,
GALENA DINING SERVICES, INC., doing business as PT's Showclub Centerfold,
GLENARM DINING SERVICES, INC., doing business as Diamond Cabaret,
STOUT DINING SERVICES, INC., doing business as Rick's Cabaret, and
KEVIN DUERBUSCH,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DENVER AUDITOR'S OFFICE,
TIMOTHY O'BRIEN, Denver Auditor,
DENVER LABOR,
MATTHEW FRITZ-MAUER, Denver Labor Executive Director, in his individual and official capacity, and
ELLEN KELMAN, Denver Labor Hearing Officer,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Joint Motion to Stay All Proceedings and to Vacate Scheduling Conference Pending Immunity Determinations** [#37] (the "Motion"). Plaintiffs filed a Response [#46] and Defendants filed a Reply [#48]. The Court has considered the Motion and related briefing, the entire case file, and the applicable case law. For the following reasons, this court **GRANTS** the Motion.

## I.     Background

**A.     Underlying Claims**

Plaintiffs are adult entertainment venues who were the subject of wage theft investigations by Denver Labor. Plaintiffs have sued the City and County of Denver (the "City"), the Denver Auditor's Office (the "Auditor's Office"), Denver Auditor Timothy O'Brien in his official capacity ("O'Brien"), Denver Labor, Denver Labor Executive Director Matthew Fritz-Mauer in his individual and official capacities ("Fritz-Mauer" together with the City, Auditor's Office, O'Brien, and Denver Labor, the "Denver Defendants"), and Denver Labor Hearing Officer Ellen Kelman, in her official capacity ("Kelman").

To summarize the 336-paragraph Amended Complaint, Plaintiffs bring multiple claims against Defendants, largely arising from Plaintiffs' belief that Defendants exceeded their permissible investigative authority. These investigations were allegedly spearheaded by Defendant Fritz-Mauer. *See Am. Compl.* [#32] at 18-19. First, Plaintiffs bring claims against all Defendants pursuant to 42 U.S.C. § 1983 alleging that Defendants were deprived of their property without due process of law arising from these allegedly targeted investigations. *See id.* at 68-72. Next, Plaintiffs bring claims against the City, O'Brien, and the Auditor's Office under 42 U.S.C. § 1983, alleging that these Defendants engaged in unauthorized practices and failed to adequately supervise and train Defendant Denver Labor and Defendant Fritz-Mauer. *See id.* at 73-74. Finally, Plaintiffs bring a claim for declaratory relief under 28 U.S.C. § 2201 against all Defendants and ask the Court to declare that: (1) particular provisions of Denver's Revised Municipal Code and Defendants' related rules are preempted and invalid; (2) Denver Labor exceeded its authority by issuing and imposing penalty determinations; (3) the administrative hearing

2

process violated Plaintiffs' due process rights as a result of an alleged conflict with Kelman; (4) Denver Labor exceeded its permissible investigative authority; (5) the subpoenas, investigations, document and information requests, and penalties imposed on Plaintiffs' were unlawful under the Denver Revised Municipal Code and Denver's City Charter; and (6) Denver Labor exceeded its statutory authority by attempting to reclassify entertainers as employees. *See id.* at 75-77.

### B. Defendants' Pending Motions to Dismiss

In response to the operative complaint, the Denver Defendants and Defendant Kelman filed Motions to Dismiss all claims pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), which await adjudication. *See Motions to Dismiss* [#34, #35]. The Denver Defendants contend that: (1) the *Younger* abstention doctrine deprives this Court of jurisdiction to adjudicate these claims because they are currently the subject of ongoing administrative court proceedings; (2) Plaintiffs failed to state a valid procedural due process claim; (3) Plaintiffs have failed to plead a valid § 1983 municipal liability claim; and (4) Defendant Fritz-Mauer is entitled to qualified and absolute immunity. *See Motion to Dismiss* [#35]. Similarly, in her Motion to Dismiss, Defendant Kelman contends that: (1) the *Younger* abstention doctrine applies; (2) absolute judicial immunity protects her from suit; (3) the official capacity claim against her is duplicative; (3) Plaintiffs' procedural due process claim fails on the merits; and (4) Plaintiffs' request for declaratory relief fails. *See Motion to Dismiss* [#34].

### C. The Instant Motion

Defendants now seek a full stay of discovery in this action until the pending Motions to Dismiss [#34, #35] are adjudicated and the questions of whether Defendant Fritz-

3

Mauer is entitled to qualified and absolute immunity and whether Defendant Kelman is entitled to absolute immunity are resolved. *Motion* [#37] at 2. Defendants also assert that *Younger* abstention could ultimately deprive this court of jurisdiction to hear this case. *Reply* [#48] at 1. Defendants further argue that the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006), favor a stay. *See Motion* [#37] at 8-12.

In response, Plaintiffs argue that the immunity issues as to Kelman and Fritz-Mauer do not warrant a blanket stay as to all Defendants. *Response* [#46] at 4. In support, they assert that "whatever discovery might be stayed . . . as to [Defendant Kelman] as a Defendant in her official capacity and against Director Fritz-Mauer in his individual capacity, will be the same or substantially similar to what Plaintiffs are entitled to seek against [the remaining Defendants]." *Id.*

## II.     Analysis

**A.     Whether to Grant a Partial or Full Stay of Discovery, if a Stay is Granted**

Courts generally prefer to resolve questions of jurisdiction and immunity at the earliest stages of litigation to conserve the Court's and the parties' time and resources. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming stay of discovery pending resolution of absolute immunity). "Qualified immunity, no less than absolute immunity, invokes the protection to be free from discovery: 'Until this threshold immunity question is resolved, discovery should not be allowed.'" *Lucero v. City of Aurora*,

4

No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) (emphasis omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Courts in this District have recognized that "discovery should not proceed until threshold immunity questions are resolved even if not every claim or defendant raises an immunity defense." *Id.* at *5 (emphasis omitted); *see*, *e.g.*, *Handy v. City of Aurora*, No. 24-cv-03082-DDD-CYC, 2025 WL 1939556, at *2 (D. Colo. July 15, 2025); *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021); *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *1, 3 (D. Colo. May 28, 2015). However, this approach is not uniform throughout the District. *See*, *e.g.*, *Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-cv-01406-WJM-NYW, 2020 WL 13850254, at *4 (D. Colo. Sept. 30, 2020) (reasoning that governmental defendants could not "piggyback on the [i]ndividual [d]efendants' assertion of immunity to postpone their own discovery obligations given the distinction between the different theories of liability raised by [the] [p]laintiff").

The Court agrees, as a practical matter, that entity defendants are not automatically entitled to a blanket stay of discovery merely because individual defendants assert an immunity defense. However, in this case, the Supreme Court's guidance in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) supports a stay of discovery on all claims, even where an immunity defense has not been raised. Allowing a partial stay of discovery would not necessarily free the immunity-asserting defendants from the burdens of discovery because, at the very least, they may need "to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 685. Moreover, without theorizing how the

5

District Judge will rule on the Motions to Dismiss [#34, #35], the asserted *Younger* abstention doctrine arguments create a risk that the parties will invest time and resources in discovery only to have the case dismissed in its entirety. Thus, the Court turns to analyzing the *String Cheese Incident* factors.

**B.     *String Cheese Incident* Factors**

Although the stay of proceedings in a case is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). In exercising its discretion, the Court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants by proceeding with discovery; (3) the convenience to the court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Regarding the first *String Cheese Incident* factor, the Court and Defendants acknowledge that Plaintiffs have a general interest in expeditious litigation and proceeding with discovery. *See, e.g.*, *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021); *Motion* [#37] at 9-10. However, Plaintiffs articulate no prejudice they would incur if discovery is stayed. *See Response* [#46] at 4 (stating, "Defendants concede Plaintiffs [sic] interest in proceeding expeditiously and the

6

potential prejudice to the plaintiff of a delay") (citing to *Motion* [#37] at 9, which identifies no prejudice to Plaintiffs). Accordingly, this factor is neutral.

Regarding the second *String Cheese Incident* factor, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, and this is even more true when, as here, the preliminary motions raise issues of jurisdiction and immunity. *See Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *2-3 (D. Colo. Feb. 18, 2021) (jurisdiction); *Casias v. City of Pueblo*, No. 20-cv-02545-WJM-KMT, 2021 WL 11449170, at *1 (D. Colo. Mar. 10, 2021) (qualified immunity). Importantly, qualified immunity is not merely a defense to liability, it is a limited "entitlement not to stand trial or face the other burdens of litigation." *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Indeed, "the burden on state defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts." *Strom*, 2021 WL 5561724, at *3. Should the District Judge grant either of the Motions to Dismiss [#34, #35], any discovery that the parties would have conducted up to that point would be rendered futile and a waste of time and resources. Defendants would undoubtedly be prejudiced if they were forced to engage in discovery if their Motions to Dismiss [#34, #35] are ultimately granted. *String Cheese Incident*, 2006 WL 894955, at *2. Therefore, the Court finds that the second factor weighs in favor of a stay.

The third *String Cheese Incident* factor, convenience to the Court, also weighs in favor of a stay. The Court recognizes that it is "inconvenienced by an *ill-advised stay* because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable." *McGinn v. El Paso Cnty., Colo.*, 640 F. Supp. 3d. 1070, 1076 (D. Colo. Nov. 14, 2022) (quoting *Lester v. Gene Express, Inc.,* No. 09-cv-02648-

7

REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010)) (emphasis added). However, "every motion to stay comes with different considerations[.]" *Id.* Where "the pending motion to dismiss may result in the resolution of this case in its entirety, . . . a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019).

Here, the *Younger* abstention arguments call into question whether the Court has jurisdiction to consider any of Plaintiffs' claims. *See Reply* [#48]. Therefore, a stay will avoid the prospect of an unnecessary expenditure of judicial resources on any discovery disputes that may arise while the Motions to Dismiss [#34, #35] remain pending. A partial stay may require the Court to confront "irresolvable discovery disputes over whether Plaintiffs' future discovery requests violate the partial stay, or are instead permissibly targeted at the unstayed claims." *Taylor v. Colo. Dep't of Health Care Policy & Fin.*, No. 12–cv–00300–PAB–KMT, 2012 WL 1657862, at *4 (D. Colo. May 11, 2012).

Regarding the fourth *String Cheese Incident* factor, the interests of nonparties, Plaintiffs assert that "several other businesses that are facing similar groundless and frivolous attacks by Denver Labor and the other Defendants favor immediately and expeditiously proceeding on the merits of claims." *Response* [#46] at 6 (internal citation omitted). However, these parties are not specifically identified, and the Court is otherwise unaware of their identities. Defendants, in contrast, assert that they are unaware of any nonparties with an interest in this case. *Motion* [#37] at 11. Accordingly, the fourth *String Cheese Incident* factor weighs neither in favor of nor against staying discovery.

Finally, with respect to the fifth and final *String Cheese Incident* factor, "there is a general public interest in the speedy resolution of legal disputes" but "there is also a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)). Defendants argue a stay will promote the public's interest to avoid judicial waste and expenses, whereas Plaintiffs contend that the public interest favors proceeding on the merits of the claims. *Motion* [#37] at 11-12; *Response* [#46] at 6. While litigation is "necessary to ensure that officials comply with the law, [it] exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Iqbal*, 556 U.S. at 685. In general, "[t]he public has a strong interest . . . [in] [a]voiding wasteful efforts by the court and litigants[.]" *Colo. Access v. Atl. Specialty Ins. Co.*, No. 21-cv-02913-NYW, 2022 WL 3716518, at *4 (D. Colo. Aug. 29, 2022). Because a ruling on the immunity and the *Younger* abstention arguments may entirely resolve this case, this factor weighs in favor of a stay.

Having balanced all five factors, the Court finds that a stay of discovery pending resolution of the Defendants' Motions to Dismiss [#34, #35] is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** pending resolution of the Defendants' Motions to Dismiss [#34, #35].

IT IS FURTHER **ORDERED** that the Scheduling Conference currently set for July 24, 2025, at 10:00 a.m. is **VACATED**. The Scheduling Conference will be reset upon resolution of Defendants' Motions to Dismiss [#34, #35], if any claims remain pending.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report within seven days of a ruling on Defendants' Motions to Dismiss [#34, #35], if any portion of the case remains pending, to advise if the Scheduling Conference should be reset.

Dated: July 22, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge